UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAMEROLYN CHAPMAN,

    Plaintiffs,

v.                                                                       Case No. 5:15-cv-14232

STATE FARM FIRE AND                          HON. AVERN COHN
CASUALTY COMPANY,

    Defendants.

_____/

## ORDER DENYING, GRANTING, AND DEFEREING JUDGMENT ON PARTIES' MOTIONS *IN LIMINE*

### I. Introduction

Plaintiff Vamerolyn Chapman ("Chapman") is suing Defendant State Farm Fire and Casualty Company ("State Farm") for denial of home-owner insurance benefits. Chapman owned a house at 5413 Kermit Street, Flint, Michigan, that was damaged by fire on November 21, 2014. At the time of the fire, the house was insured by State Farm. Because State Farm's investigation concluded that the fire was intentionally set, State Farm declined to pay.

The case is set to be tried by a jury on September 24, 2018. Now before the Court are three motions *in limine*. For the reasons that follow, Chapman's motion related to State Farm's expert is DENIED, State Farm's motion regarding reference to other fires is GRANTED, and a decision regarding State Farm's motion to exclude the fire department incident report is deferred until trial.

**II.   Chapman's Motion *In Limine* to Exclude Testimony of Kevin Pike (Doc. 21)**

**A.**

According to Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

**B.**

Chapman moves to exclude the testimony of Kevin Pike ("Pike"), State Farm's origin and cause investigator, because he used scientifically unreliable methods to draw a conclusion.  Chapman says that Pike used the "negative corpus" method to conclude that the fire was set deliberately rather than accidentally.  Under the negative corpus method, a conclusion is reached simply because all other alternatives are ruled out even though there is no affirmative evidence of the ultimate conclusion.  Courts have excluded expert conclusions that were the result of negative corpus. Owners Ins. Co. v. White, 2014 WL 12461045, at *3 (N.D. Ga. Jan. 23, 2014) ("Opinions based on negative corpus should be excluded as unreliable and inapposite to the principles undergirding Rule 702.").  To support her position, Chapman points to Pike's deposition testimony that his hypothesis of a deliberately set fire was based on a "process of elimination." (Pike Dep. 23).

2

State Farm responds that the process of elimination is not the same as the negative corpus method. The NFPA® 921 (NFPA), a well-known fire investigation guide, provides regarding the process of elimination:

> The process of elimination is an integral part of the scientific method. Alternative hypotheses should be considered and challenged against the facts. Elimination of a testable hypothesis by disproving the hypothesis with reliable evidence is a fundamental part of the scientific method.

(Doc. 24, p. 12). The NFPA then explains the difference between process of elimination and negative corpus:

> However, the process of elimination can be used inappropriately. The process of determining the ignition source for a fire, by eliminating all ignition sources found, known, or believed to have been present in the area of origin, and then claiming such methodology is proof of an ignition source for which there is no supporting evidence of its existence, is referred to by some investigators as negative corpus. Negative corpus has typically been used in classifying fires as incendiary, although the process has also been used to characterize fires classified as accidental. This process is not consistent with the scientific method, is inappropriate, and should not be used because it generates untestable hypotheses, and may result in incorrect determinations of the ignition source and first fuel ignited.

(Id.). State Farm says the fact that Pike found evidence of two separate and unrelated fires in Chapman's house is affirmative evidence that the fire was deliberate, as the NFPA specifically states that the presence of "multiple fires" is one of many "situations that lend themselves to formulating an ignition scenario when the ignition source is not found during the examination of the fire scene." (Doc. 24, p. 16).

Pike said in his deposition that he used the evidence of two unconnected simultaneous fires to support his conclusion that the fire was deliberately set. (Pike Dep.

3

35). As such, his testimony will not be excluded because it was a product "of reliable principles," not of the impermissible negative corpus method.

**C.**

Chapman relies on <u>Somnis v. Country Mut. Ins. Co.</u>, 840 F. Supp. 2d 1166, 1173 (D. Minn. 2012) to argue that all of Pike's findings should be admitted except his ultimate conclusion that the fire was deliberate. The court in <u>Somnis</u> held that while a fire investigator could testify as to his methodology and evidence, his ultimate conclusion "would not be helpful because it would not tell the jury anything that lay persons could not logically deduce on their own; [ ]he would be drawing h[is] conclusion in the same manner as lay persons, i.e., by exercising simple logic." <u>Somnis</u>, 840 F.Supp.2d at 1173 (quoting <u>Ruminer v. Gen. Motors Corp.</u>, 2006 WL 287945, at *13 (E.D. Ark. Feb. 6, 2006), <u>aff'd,</u> 483 F.3d 561 (8th Cir. 2007)). The Court declines to follow <u>Somnis</u> because the existence of simultaneous ignition points being evidence of a deliberately created fire cannot necessarily be deduced by laypersons exercising simple logic. Thus, the motion to exclude Kevin Pike's testimony has been DENIED.

**III. State Farm's Motion *In Limine* to Exclude Reference to Other Fires in the Neighborhood (Doc. 22)**

State Farm says that during discovery, "various witnesses have mentioned—almost in passing—that there have been other fires in the same area of Flint over time. No details or information was provided with respect to those alleged fires; there is no evidence showing where, when, how, or if any such fires occurred—much less evidence that those other fires have any relationship whatsoever to this fire." (Doc. 22). State Farm moves to exclude potential testimony regarding these other fires as irrelevant and unfairly prejudicial.

4

A motion *in limine* is a preliminary ruling on an evidentiary issue regarding admissibility of evidence, and such a ruling can be revisited at trial. See United Staes v. Luce, 713 F.2d 1236, 1239 (1983); Mason v. City of Chicago, 631 F.Supp.2d 1052 (2009). Currently, there is no evidence before the Court to establish that other fires in the neighborhood are relevant. Accordingly, any reference to other fires in the neighborhood will only serve to mislead and confuse the jury. Therefore, no mention may be made at trial of other fires in the neighborhood unless the issue is raised out of the presence of the jury and the Court expressly gives approval.

IV. **State Farm's Motion *In Limine* to Redact Expert Opinions from Fire Report (Doc. 23)**

**A.**

State Farm moves to exclude portions of the Flint Fire Department Incident Report (Doc. 23-1). State Farm says that because the Flint Fire Department spent only one hour on the scene, and because the Incident Report does not state that any origin and cause investigation was performed, the portions of the report indicating that the "cause of ignition" was "unintentional" and did not involve "human factors" should be excluded as hearsay, an unreliable expert opinion, and unfairly prejudicial.

**B.**

Chapman responds that the Incident Report is admissible as a public record pursuant to Fed. R. Evid. 803(8)(A)(ii), which provides that "[a] record or statement of a public office" is admissible as an exception to the rule against hearsay if it describes "a matter observed while under a legal duty to report" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Id. Chapman further argues that the author of the report will be called as a lay witness,

5

not an expert witness. Chapman does not respond to State Farm's unfair prejudice argument.

C.

The Incident Report is admissible under Fed. R. Evid. 803(8)(A)(ii). State Farm's argument that the report is untrustworthy speaks more to the weight to be afforded it rather than its admissibility. See Moss v. Ole S. Real Estate, Inc., 933 F.2d 1300, 1307 (5th Cir. 1991) ("In making the trustworthiness determination required by Rule 803, courts should not focus on questions regarding the accuracy or completeness of the document's conclusions.").

However, while State Farm cites no case law in support of its assertion that the report is unfairly prejudicial, some courts have excluded fire department reports when the "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. In EMK, Inc. v. Fed. Pac. Elec. Co., 677 F. Supp. 2d 334 (D. Me. 2010), the court excluded a fire department report under the following circumstances:

> The report was filed immediately and there is no indication that a thorough cause and origin assessment was made or that the heater was examined for defects. Instead, the report simply states that "[f]ire cause determined to be a result of faulty electric heater in bathroom in garage." It does not say who made this determination, his or her qualifications to make this determination, what they did to make this determination, and what other possible sources were considered and eliminated.
>
> Because it is the report of the Skowhegan Fire Department and carries the imprimatur of municipal government, the jury could well place undue emphasis on its summary causation conclusion on the assumption that it reflects the considered opinion of a fire investigator, who is cloaked with governmental objectivity and expertise. Consistent with *Matthews v. Ashland Chemical, Inc.,* 770 F.2d 1303, 1309–10 (5th Cir.1985), the Court concludes that, though relevant, the probative value of the causation statement in the Skowhegan Fire Department Report is substantially outweighed by

6

> the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Id. at 338. See also, Goens v. S. Union Co., 2010 WL 2733096, at *3 (W.D. Mo. July 8, 2010) (granting Plaintiff's motion to exclude fire department incident report because author "did not investigate the cause and origin of the fire and was not qualified to do so"). The instant case is similar to EMK. Even though the report is silent regarding the reasons for its conclusions regarding causation, the jury could still be misled by the appearance of the Flint Fire Department's authority.

On the other hand, similar motions have been denied without prejudice because there was not enough information available about whether the authors were qualified to express an opinion regarding the cause of a fire. In Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc., 2016 WL 97452, at *2 (N.D. Cal. Jan. 8, 2016), the court denied a motion *in limine* regarding an incident report because there was "not enough information about whether the report's authors are qualified to render such opinions . . . a prerequisite which may be satisfied with a proper foundation." Here, the Court similarly lacks sufficient information about whether the author (Lieutenant Christian Perkins) performed an adequate investigation before concluding that there were no human factors involved in the fire.

Due to the uncertainty surrounding the context of the incident report, the Court will defer judgment on the motion. The Court reminds the parties that:

> A motion *in limine* is a request for guidance by the court regarding an evidentiary question. The trial court may, within its discretion, provide such guidance by making a preliminary ruling with respect to admissibility. The parties may then consider the court's ruling when formulating their trial strategy. However, we see no reason why the trial court could not change its ruling, for whatever reason, when the evidence is actually offered and objected to at trial. A ruling on a

7

> motion *in limine* is therefore essentially an advisory opinion by the
> trial court.

Luce, 713 F.2d at1239.  Therefore, a ruling on the motion is deferred until the report is offered into evidence.  No mention may be made at trial of the report until the Court is advised of Plaintiff's intentions to offer the report into evidence and the Court has had an opportunity to voir dire the witness intended to identify the exhibit.

SO ORDERED.

                                          S/Avern Cohn
                                         AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: 8/30/2018
Detroit, Michigan